CHARLES LUX, Appellant, v. HENRY H. HAIGHT, Respondent.

No. 2206; July 28, 1870.

**Land Patent—Mandamus to Governor to Issue.**—A petition for a peremptory mandate requiring the governor to issue a patent for lands, confirmed to the state by the United States, must allege as fact that the governor has found all the statutory prerequisites for his authority to issue the patent.

**Land Patent.**—Before the Governor may Issue a Patent for lands of the state, received from and confirmed by the United States, he must proceed to determine whether the land designated in the certificate of purchase from the register of the state land office, or a part of that land, belongs to the state and has been so confirmed to it, and whether the whole purchase money with interest thereon, as mentioned in the certificate, has been paid.

Mandamus, San Francisco County.

Wm. M. Pierson for appellant; Jo. Hamilton for respondent.

SPRAGUE, J.—By the statute under which petitioner claims his patent at the hands of the governor, the first affirmative act required of the governor, on presentation to him of a certificate of purchase from the register of the state land office, is to proceed and determine whether "the land or part of the land designated in said certificate belongs or has been confirmed to the state and the whole amount of purchase money, together with interest, thereon has been paid," and if he shall find as to these facts in the affirmative, then he is required to issue a patent for said land: Stats. 1858, p. 200, sec. 7.

This application is for a peremptory mandate to the governor to issue a patent to the petitioner, and his petition does not allege that the governor has found these prerequisite facts necessary to authorize him to issue a patent under the law. It is not alleged that the governor refuses to act in the matter of determining these prerequisite facts, nor is a mandate sought for the purpose of compelling him to act in the matter of determining them, but to compel the governor to perform

a final act, which the law only authorizes to be performed by him, after he shall have found and determined the existence of certain prerequisite facts.

Although the petition alleges the existence of these prerequisite facts, it does not allege that the governor had found or been satisfied of their existence at the time he refused to issue the patent.

The law devolves upon the governor the duty of finding and determining these facts, before he is required or permitted to perform the final act of issuing the patent, or, in other words, leaves the performance or refusal of this final act ·dependent on the discretion of the governor, as to the existence of prerequisite facts; and when this discretion does not appear to have been exercised, and the facts found by him to exist, a mandate cannot be issued to compel the performance of the final act.

Demurrer sustained.

We concur: Crockett, J.; Wallace, J.; Rhodes, C. J.; Temple, J.